**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 27 2014, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY E. GABEHART, | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1401-CR-2 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE RUSH SUPERIOR COURT
The Honorable David E. Northam, Special Judge
Cause No. 70D01-1301-FC-77

**May 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant/Defendant Timothy E. Gabehart pled guilty to Class C felony forgery with the understanding that the State would dismiss six other charges. Prior to sentencing, Gabehart moved to withdraw his guilty plea, a motion the trial court denied following a hearing. Gabehart contends that his guilty plea must be set aside in order to avoid a manifest injustice. We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 23, 2013, the State charged Gabehart in Rush County with Class C felony forgery, Class D felony identity deception, Class D felony obstruction of justice, Class D felony perjury, Class A misdemeanor operating a vehicle while intoxicated, Class B misdemeanor false informing, and Class C misdemeanor operating a vehicle with a controlled substance in one's body. On July 23, 2013, Gabehart, who had been incarcerated in another county, notified the trial court that he wished to be transported to Rush County.

At Gabehart's initial hearing on August 12, 2013, the trial court advised Gabehart, who was without counsel, that he had the right to an attorney, and Gabehart indicated that he understood. The trial court then read the charging information defining all seven of the charges against Gabehart, including the penalty ranges for each. Specifically, the trial court said the following regarding the potential punishment for the forgery charge: "Count I is a 'C' Felony. A person who commits a Class 'C' Felony can be sentenced to a fixed term of imprisonment ranging from two years to eight years with an advisory sentence of four years and a fine of up to $10,000.00 plus court costs." Tr. p. 10.

2

The following exchange occurred shortly thereafter:

Court:      Okay, um, I would advise you that you have charges of "C" felonies, uh, "D" Felonies, um and those were very serious charges and can have long term ramifications, uh, in your life. Um and an attorney might have the training and experience necessary to give someone in your situation some assistance not only at trial but in evaluating your case, the State's case and, um, in negotiations of plea agreements and so forth. So are you now sure you wish to plead guilty without an attorney?

Defendant:  Yes sir.

Tr. p. 11.

After the State explained that it would dismiss the remaining charges if Gabehart

pled guilty to forgery, the following exchange occurred:

Court:      Okay, okay are you, Mr. Gabehart, you are under oath, uh, and during the, uh, your Initial Hearing you indicated you would plead guilty to the charges. The State has now indicated that it will just proceed on Count I, no Count I, Forgery, a Class "C" Felony. Um, now you've indicated that you understand that an attorney might be able to assist you, uh, but are you still then ready to proceed, uh, without an attorney to plead guilty to Forgery, A Class "C" felony?

Defendant:  Yes.

Court:      Okay I will ask you again do you understand all the rights I went over with you?

Defendant:  Yes sir.

Court:      Uh, do you wish to have any of them further explained or repeated?

Defendant:  No sir.

Court:      Do you further understand that by entering a guilty plea you are giving up all of the rights which you've indicated you understand?

Defendant:  Yes.

Court:      Do you understand the nature of the charges against you or the charge you're pleading guilty to?

Defendant:  Yes.

3

| | |
|---|---|
| Court: | Uh, do you have any question at this time in regard to the statutes, the penalties or anything about that we've, the information we covered? |
| Defendant: | No sir. |
| Court: | Has anyone forced, threatened or placed you or anyone else in fear to make you plead guilty or give up your right to an attorney? |
| Defendant: | No sir. |
| Court: | Has anyone offered you or anyone else any leniency or anything of value to make you plead guilty or give up your right to an attorney? |
| Defendant: | No sir. |
| Court: | Have you taken any alcohol or drugs within the last twelve hours? |
| Defendant: | No sir. |
| Court: | Is the plea of guilty to this charge your own free and voluntary act? |
| Defendant: | Yes sir. |
| Court: | Do you now in fact withdraw your not guilty plea to Count I, Forgery, a Class "C" Felony? |
| Defendant: | Yes. |
| Court: | Does the State have a basis in fact to offer? |
| State: | Yes thank you Your Honor. If the matter were to proceed to trial, the State would prove beyond a reasonable doubt that on or about the 1st day of January, 2013 at 131 East First Street in Rushville, Timothy E. Gabehart with the intent to defraud, did make, utter or possess a written instrument in such a manner that it purports to have been made by another person at another time with different provisions or by the authority of one who did not give the authority. Specifically, uh, Mr. Gabehart, Mr. Timothy Gabehart signed Rush County Jail Records using the name James Bryant when he, um, did not have the authority to do so. The State would further prove that these events took place in Rush County, Indiana. |
| Court: | Are those facts true, Mr. Gabehart? |
| Defendant: | Yes. |

Tr. pp. 13-15.

The trial court accepted Gabehart's plea and ordered a sentencing hearing for

September 9, 2013. Gabehart sought a continuance of the sentencing hearing and

4

requested a public defender. The trial court appointed a public defender for Gabehart on September 9, 2013. Gabehart filed a motion to withdraw his guilty plea, and the trial court held a hearing on the motion on December 6, 2013. After the hearing, the trial court denied Gabehart's motion to withdraw his guilty plea and sentenced him to four years of incarceration.

## DISCUSSION AND DECISION

### Whether the Trial Court Abused its Discretion in Denying Gabehart's Motion to Withdraw Guilty Plea

> Motions to withdraw guilty pleas are governed by Ind. Code § 35-35-1-4. After the plea of guilty but before sentencing, a court may grant the motion for "any fair or just reason." *Id.* However, the court is required to grant the motion to prevent "manifest injustice" and is required to deny the motion when the State would be "substantially prejudiced." *Id.* The trial court's decision is reviewed for abuse of discretion. *Id.*

*Smallwood v. State*, 773 N.E.2d 259, 264 (Ind. 2002).

"The trial court's ruling on a motion to withdraw a guilty plea arrives in our Court with a presumption in favor of the ruling." *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000). "One who appeals an adverse decision on a motion to withdraw must therefore prove the trial court abused its discretion by a preponderance of the evidence." *Id.* "We will not disturb the court's ruling where it was based on conflicting evidence." *Id.*

Gabehart contends that the trial court abused its discretion in denying his motion to withdraw because granting it was necessary to correct a manifest injustice. Indiana Code section 35-35-1-4(c) provides, in relevant part as follows:

> For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
> (1) the convicted person was denied the effective assistance of

5

counsel;
(2) the plea was not entered or ratified by the convicted person;
(3) the plea was not knowingly and voluntarily made;
(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
(5) the plea and judgment of conviction are void or voidable for any other reason.

Gabehart appears to argue that subsection (3) requires reversal in this case, as he claims to have been so befuddled by the trial court's reading of the charging information and penalties for the seven charges against him that he "surely [had] difficulty following the information presented to him, particularly at a moment of heightened stress such as when facing the loss of his liberty." Appellant's Br. p. 9. Gabehart points to his testimony at the withdrawal hearing that he thought, when he pled guilty, that "if I hadn't been in trouble in the last three years [the sentence for a Class C felony] went from two to four [years]." Tr. p. 35. The trial court, however, was free to disbelieve this testimony and apparently did. Moreover, Gabehart clearly indicated at the guilty plea hearing that he understood the penalty range for the charge to which he was pleading guilty, as well as all of the rights he was waiving by pleading guilty.

Moreover, to the extent that Gabehart may be arguing that he was denied the effective assistance of counsel, we find this argument equally unpersuasive. Gabehart was advised by the trial court several times that he had the right to an attorney and that an attorney might be able to render assistance to him. The trial court also asked Gabehart if he had been coerced into, or had received value in exchange for, waiving his right to counsel, and Gabehart indicated that he had not. Despite the trial court's very thorough advisements and questioning of Gabehart, he indicated a desire to plead guilty without

6

counsel and did so. Gabehart has not established that existence of a manifest injustice that would necessitate allowing him to withdraw his guilty plea.

We affirm the judgment of the trial court.

RILEY, J., and ROBB, J., concur.